UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL CORTES,<br><br>                              Petitioner,<br><br>             -against-<br><br>PAUL GONYEA, Superintendent, Mohawk<br>Correctional Facility,<br><br>                       Respondent. | Case No. 1:22-cv-03343 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Petitioner Miguel Cortes ("Petitioner") brings the above-captioned action for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2254. Dkt. 1 ("Pet."). Petitioner challenges his sentence and contends that New York's sentencing scheme violates due process and equal protection because it subjects those convicted three times of felony burglary (or attempted felony burglary) to mandatory life-capped sentences while excluding other, purportedly more serious, offenses from such treatment. *See generally id.*; Dkt. 2 ("Pet. Br."). On July 26, 2022, the Court referred the petition to Magistrate Judge Cott. Dkt. 9. On May 8, 2024, Magistrate Judge Cott issued a Report and Recommendation recommending that the petition be denied. Dkt. 25 ("R&R"). On June 5, 2024, Petitioner filed timely objections to the R&R. Dkt. 29 ("Obj."). For the reasons set forth below, the Court adopts the R&R in full and denies the petition.

## BACKGROUND

The Court incorporates the portion of the R&R that describes the factual background and procedural history of the case, and references the R&R for a more comprehensive background. *See* R&R at 1-3. The following summary focuses on the facts necessary to evaluate the issues presented.

## I.    Factual Background

Petitioner was convicted of felony burglary for a third time on October 7, 2015.  R&R at 1.  Specifically, Petitioner was convicted of two counts of second-degree burglary, one count of third-degree burglary, and six counts of fourth-degree grand larceny.  *Id.* at 1-2.  Petitioner had been convicted of felony burglary twice prior to his 2015 conviction.  *Id.* at 2.  Petitioner's three violent felony convictions made him a mandatory persistent violent felony offender under New York Penal Law section 70.08.  *See id.*; N.Y. Penal Law § 70.08.  Section 70.08(2)-(3)(b) requires a mandatory minimum sentence of 16 years to life in prison for individuals convicted of two prior violent felonies, such as burglary, who are convicted of a third violent felony.  *See* N.Y. Penal Law § 70.08(2), (3)(b).  The court initially sentenced Petitioner to a term of 41.5 years to life.  *See People v. Cortes*, 66 N.Y.S.3d 1, 1 (App. Div. 2017).

## II.    Procedural History

On direct appeal, the Appellate Division affirmed the conviction but reduced Petitioner's sentence to 19 years to life.  R&R at 2.  On February 1, 2018, the Court of Appeals denied leave to appeal.  *People v. Cortes*, 171 N.E.3d 226, 226 (N.Y. 2018).  Petitioner then filed a postconviction motion pursuant to N.Y. C.P.L.R. 440.20.  R&R at 2.  Petitioner argued that the sentencing distinctions between the mandatory minimum sentence for persistent burglary offenders and that of other persistent — and allegedly more dangerous — felony offenders lacked a rational basis.  *Id*.  The court denied Petitioner's motion on procedural grounds because the claims were previously raised on direct appeal.  *Id.*; *see* Dkt. 5-1 at 9.

Petitioner then appealed to the Appellate Division, which unanimously affirmed his conviction on April 29, 2021, holding that the "legislature's selection of felonies to which

persistent violent felony offender sentencing applies, and its exclusion of other felonies, has a rational basis." *People v. Cortes*, 143 N.Y.S.3d 188, 188 (App. Div. 2021). The decision relied on *Chapman v. United States*, 500 U.S. 453 (1991), *People v. Walker*, 623 N.E.2d 1 (N.Y. 1993), and the Appellate Division's decision in *People v. Corey*, 140 N.Y.S.3d 505 (App. Div. 2021), which involved a similar factual background and identical legal argument, *see id.* at 507. *Cortes*, 143 N.Y.S.3d at 188. On June 29, 2021, the Court of Appeals denied leave to appeal. *People v. Cortes*, 171 N.E.3d 226, 226 (N.Y. 2021).

Having exhausted his state remedies, Petitioner then timely filed the instant petition for a writ of habeas corpus on April 25, 2022. Pet.; *see also* R&R at 3.

## III.    The R&R

Magistrate Judge Cott recommended that the petition be denied. *See* R&R at 1. First, he concluded that the Appellate Division ruled on the merits of Petitioner's case. *Id*. at 5. He explained that the Appellate Division expressly addressed Petitioner's sentencing distinction claim and did not merely dismiss the claim on procedural grounds. *Id.* at 6-7. He rejected Petitioner's argument that the Appellate Division failed to reach the merits since the Appellate Division relied on *Corey*, 140 N.Y.S.3d 505. *Id.* at 8 (quoting *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001)). Accordingly, Magistrate Judge Cott applied "AEDPA's strict standard of deference." *Id.* at 9.

Second, the R&R found that the Appellate Division's denial was not contrary to, and did not involve an unreasonable application of, clearly established federal law, and thus did not warrant habeas relief. *Id.* at 9. Magistrate Judge Cott explained that, in order to show that the decision involved an unreasonable application of federal law, Petitioner must demonstrate that there is no rational basis for the sentencing discrepancy at issue. *Id.* at 10. Magistrate Judge Cott noted that "a person who *has* been so convicted is eligible for . . . whatever

3

punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment." *Id.* (quoting *Chapman*, 500 U.S. at 465). He concluded that (1) the Appellate Division properly applied *Chapman*, (2) a rational basis for New York's sentencing distinction exists, and (3) the Appellate Division's rejection of Petitioner's claim was not an unreasonable application of federal law. *Id.* at 9-11.

Finally, Magistrate Judge Cott rejected Petitioner's argument that the sentencing distinction is irrational because the New York Penal Code imposes a more lenient sentence for arson, an offense Petitioner argues is more dangerous than burglary. *Id.* at 11-12. The R&R found that a rational basis existed for that distinction, noting that burglary can involve entry into a dwelling, while arson can be committed against a vehicle or a building, and that New York courts have "repeatedly discussed and upheld the New York state legislature's decision to protect dwellings with stronger criminal penalties." *Id.* at 12.

Petitioner timely filed objections to the R&R, *see generally* Obj., and Respondent responded to Petitioner's objections on June 20, 2024, *see generally* Dkt. 30 ("Resp.").

## LEGAL STANDARDS

### I. Report and Recommendation

In its review of a report and recommendation on a dispositive motion, a district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). When a party submits timely objections to the report and recommendation, as Petitioner has done here, the district court reviews *de novo* any part of the magistrate judge's disposition to which the party objected. *See* 28 U.S.C. § 636(b)(1)(C); Fed R. Civ. P. 72(b)(3). "To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original

arguments, the Court will review the Report strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (citation omitted). Other portions of the report and recommendation, to which no specific objection is made, may be adopted "as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *accord Irick v. Capra*, No. 23-cv-09123 (JLR) (JLC), 2024 WL 5039664, at *2 (S.D.N.Y. Dec. 9, 2024).

## II.    Standard of Review under AEDPA

Under AEDPA, federal courts apply a "highly deferential standard for evaluating state-court rulings" on habeas review. *Contreras v. Artus*, 778 F.3d 97, 106 (2d Cir. 2015) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). Where a petitioner's claim was "adjudicated on the merits in State court proceedings," a federal court may not grant a petition for habeas relief unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Musaid v. Kirkpatrick*, 114 F.4th 90, 107 (2d Cir. 2024) (same).

### DISCUSSION

Petitioner raises two objections to the R&R: first, that it erred in concluding that the Appellate Division resolved Petitioner's claim on the merits, and second, that the R&R erred

in concluding that the Appellate Division's decision was not contrary to or an unreasonable application of federal law.  *See generally* Obj.  The Court will address each objection in turn.

## I.    Adjudication on the Merits

Petitioner contends that (1) the Appellate Division failed to address his claim and thus did not render an adjudication "on the merits," Obj. at 8-9, (2) Magistrate Judge Cott "untenably overread" the Appellate Division's decision in concluding that it was adjudicated on the merits, *id.* at 9, and (3) this Court should not review the decision under AEDPA's deferential standard of review because the Appellate Division improperly relied on *Corey*, 140 N.Y.S.3d 505, Obj. at 4-5, 9-10.  None of these arguments are persuasive.

### A.  Legal Standard

A state court decision is adjudicated on the merits" within the meaning of Section 2254(d), and is thus entitled to deferential review under AEDPA, "if the state court ruled on the substance of the claim rather than on a procedural ground."  *Jordan v. Lamanna*, 33 F.4th 144, 150 (2d Cir. 2022) (citation omitted).  The state court must "(1) dispose[] of the claim 'on the merits,' and (2) reduce[] its disposition to judgement."  *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001).  The Court determines whether the state court disposed of a petitioner's claim "on the merits" by considering: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits."  *Id.* at 314 (quoting *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir. 1999)).

### B.  Analysis

First, the R&R properly found that Appellate Division adjudicated Petitioner's claim on the merits.  An adjudication "on the merits" "does not require that there be an opinion from

the state court explaining the state court's reasoning." *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 301 (2013) (applying the *Richter* presumption that a state court adjudicates a federal claim on the merits even if it fails to directly address the claim). To be entitled to AEDPA deference, a "state court need only dispose of the petitioner's federal claim on substantive grounds[] and reduce that disposition to judgment. No further articulation of its rationale or elucidation of its reasoning process is required." *Aparicio*, 269 F.3d at 93-94 (citing *Sellan*, 261 F.3d at 312). The state court "need not mention the argument raised or cite relevant case law in order for its ruling to constitute an 'adjudication on the merits.'" *Brown v. Artuz*, 283 F.3d 492, 498 (2d Cir. 2002) (first citing *Aparicio*, 261 F.3d at 94; and then citing *Sellan*, 261 F.3d at 312). Here, Petitioner's challenge to New York's sentencing scheme was expressly considered and rejected on direct appeal by the Appellate Division, which held that the challenged sentencing distinction has a rational basis:

> Defendant's constitutional challenges to his sentence as a persistent violent felony offender, based on his commission of three burglaries of dwellings, without the use of any violence, are unavailing. The legislature's selection of felonies to which persistent violent felony offender sentencing applies, and its exclusion of other felonies, has a rational basis.

*Cortes*, 143 N.Y.S.3d at 188 (citations omitted) (first citing *Corey*, 40 N.Y.S.3d 505; then citing *Chapman*, 500 U.S. at 464-465; and then citing *People v. Walker*, 623 N.E.2d at 5-6). Though the Appellate Division addressed Petitioner's federal claim briefly, the Supreme Court has been clear that even "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits." *Johnson*, 568 U.S. at 301. Here, the Appellate Division referenced Petitioner's federal claim and rejected it, citing *Chapman* as well as New York cases finding rational bases for sentencing disparities, including between repeat burglary

offenses and other nonviolent offenses. *Cortes*, 143 N.Y.S.3d at 188. Petitioner's argument that the Appellate Division did not decide his claim on the merits because it did not expressly address his argument that "the identified sentencing distinctions are irrational" is thus unpersuasive. Moreover, there is no indication in the Appellate Division's opinion of any "state-law procedural principles" suggesting the court did not adjudicate this claim on the merits. *Richter*, 562 U.S. at 99. The Court thus agrees with the R&R that the Appellate Division resolved Petitioner's claim on the merits and that its decision is therefore entitled to AEDPA deference.

The Court is also unconvinced by Petitioner's argument that the R&R read the Appellate Division's decision too generously in concluding it resolved his claims on the merits. *See* Obj. at 9. Specifically, Petitioner argues that the Appellate Division concluded only that it was "rational for the Legislature, as a general matter, to draw sentencing distinctions between violent and nonviolent offenses" and that the R&R erred in taking this to mean the Appellate Division reached his argument that the distinction between dwelling burglary and other offenses lacks a rational basis. *Id.* In so arguing, Petitioner attempts to invoke the rare circumstance where the presumption that a state court adjudicates a federal claim on the merits even if it fails to directly address the claim can be rebutted — that is, where the evidence "leads *very clearly* to the conclusion that a federal claim was inadvertently overlooked in state court." Obj. at 9 (emphasis added) (quoting *Johnson*, 568 U.S. at 303). But the record here leads to the opposite conclusion: Petitioner's claim *was* attended to by the state court. Petitioner's argument to the contrary ignores the rest of the Appellate Division's analysis. In the second sentence of the decision, the Appellate Division concluded that both "[t]he legislature's selection of felonies to which persistent violent felony offender sentencing applies" and "its *exclusion of other felonies*" have a rational basis. *Cortes*, 143 N.Y.S.3d at

188 (emphasis added). In doing so, the Appellate Division engaged with Petitioner's argument, referencing both the inclusion of certain felonies and the exclusion of others. The Court thus agrees with the R&R that the Appellate Division did not overlook Petitioner's claim on appeal and Petitioner thus cannot rebut the "on the merits" presumption.

Finally, the R&R properly rejected Petitioner's contention that the Appellate Division failed to reach the merits of his claim because it relied on *Corey*, 140 N.Y.S.3d 505. The defendant-appellant in *Corey* advanced the same argument that Petitioner raises here. *Id*. at 507. The Appellate Division held, consistent with its holding in *Cortes*, that "classification of dwelling burglaries as violent felonies has a rational basis, which is the appropriate test." *Id.* (citations omitted). Petitioner argues that the Appellate Division's reliance on *Corey* invalidates its reasoning because *Corey* (1) also was not adjudicated on the merits and (2) was wrongly decided. Obj. at 9-10. However, Petitioner has not cited any case suggesting that any court has held *Corey* was wrongly decided, or that the Appellate Division's decision in *Cortes* was not made on the merits, and this Court disagrees on both counts. In any event, *Corey*'s soundness is irrelevant to the "on the merits" issue. Thus, the Court agrees with the R&R's conclusion that the Appellate Division's citation to *Corey* confirmed that its decision was on the merits.[1]

In sum, because the Appellate Division rendered an adjudication on the merits, Magistrate Judge Cott correctly concluded AEDPA deference was proper.

---

[1] As Magistrate Judge Cott noted, the defendant in *Corey* filed a habeas petition in this District, challenging, among other things, the same aspects of New York's sentencing laws as Cortes. R&R at 7 n.3. Magistrate Judge Parker issued a report and recommendation on August 29, 2023, rejecting the same arguments put forward here. *See generally* Report and Recommendation, *Corey v. Collado*, No. 22-cv-00217 (PGG) (KHP) (S.D.N.Y. Aug. 29, 2023), Dkt. 18. Objections to this Report and Recommendation are pending.

## II.    Reasonable Application of Federal Law

The Court next turns to Petitioner's second objection, namely that the R&R erred in concluding that Appellate Division reasonably applied federal law.  Obj. at 10-15.  This objection is unconvincing.

### A.  Legal Standard

Where, as here, a petitioner's claim was "adjudicated on the merits in State court proceedings," a federal court may not grant a habeas petition unless the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see Musaid v. Kirkpatrick*, 114 F.4th 90, 107 (2d Cir. 2024) (same).  A state court decision applies federal law unreasonably "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also White v. Woodall*, 572 U.S. 415, 426 (2014) (similar); *Carmichael v. Chappius*, 848 F.3d 536, 544 (2d Cir. 2017) (same).  Such application of federal law must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice."  *White*, 572 U.S. at 419 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)).

### B.  Analysis

Petitioner argues he is entitled to habeas relief because the New York Penal Code lacks a rational basis for sentencing those convicted of a third second-degree burglary or attempted second-degree burglary more harshly than other "more serious" repeat offenses, and thus violates due process and equal protection.  *See* Pet. Br. at 2.  The R&R rejected this

claim, reasoning that the Appellate Division was not directly contrary to any Supreme Court precedent and that a conceivable rational basis exists for the sentencing distinction. R&R at 11-12. Petitioner now argues that the R&R erred in concluding that the Appellate Division's decision did not involve an unreasonable application of clearly established federal law. Obj. at 10-15. Specifically, he argues that (1) the Appellate Division's rational basis analysis was unreasonable and (2) the R&R unreasonably concluded that the distinction has a rational basis. *Id.* The Court will consider each argument in turn.[2]

First, the Court is unpersuaded that the Appellate Division's "ultimate resolution of the *Chapman*-rational-basis claim was unreasonable," Obj. at 10 (first citing 28 U.S.C. § 2254(d)(1); and then citing *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007)), that is, that it unreasonably applied the correct governing law to the facts, *Williams*, 529 U.S. at 413. For the Court to agree with Petitioner, it must find the Appellate Division's application of *Chapman* to be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White*, 572 U.S. at 419 (quoting *Lockyer*, 538 U.S. at 75-76). Petitioner agrees that *Chapman* was the correct governing law to apply, but contends that the Appellate Division erroneously found a rational basis for the sentencing distinction. *See* Obj. at 10-11. New York's sentencing laws are subject to rational basis scrutiny as they do not involve a suspect classification or impinge on a fundamental right. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985); R&R at 9-10 (citing *Griffin v. Mann*, 156 F.3d 288, 291-92 (2d Cir. 1998)). A sentencing statute must be upheld "if there is any reasonably conceivable state of

---

[2] Petitioner has not argued that the Appellate Division's decision was contrary to clearly established federal law, and the R&R properly concluded that "the First Department's rejection of [Petitioner's] claim is not directly contrary to any Supreme Court decision." R&R at 11.

facts that could provide a rational basis for the classification," *United States v. Thomas*, 628 F.3d 64, 70 (2d Cir. 2010) (quoting *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)), and that rational basis "need not be one that actually motivated [the legislature]," *id.* at 71.

A rational basis exists here — indeed, the R&R identified more than one, including the differing levels of criminal intent. *See, e.g.*, R&R at 11 ("[I]t is rational for a legislature to determine that a stricter mandatory sentence is necessary for repeat commissioners of burglary and not for repeat commissioners of other offenses that, while potentially more dangerous, do not evince the same level of criminal intent."). Although Petitioner points to harm caused by other nonviolent offenses to illustrate the alleged unfairness of the sentencing distinction, there are many rational bases for the New York Legislature's choice to punish those who are repeatedly convicted of burglary more severely. The Second Circuit's decision in *United States v. Thomas* guides the Court's decision in this respect. *See* 628 F.3d at 70-71 (applying rational basis review to challenge based on firearm/explosive sentencing disparity). There, the defendant-appellant claimed that the harsher sentence imposed on felons in possession of firearms as compared to those in possession of explosives was irrational because explosives are more dangerous than firearms. *Id.* The Second Circuit rejected the claim that the sentencing distinction violated equal protection because it need only be "reasonably conceivable" that, for example, the Sentencing Commission considered stolen firearms more deadly than stolen explosives in the aggregate. *Id.* at 71. Here too it is "reasonably conceivable" that the New York Legislature considered burglaries in need of greater deterrence than the crimes Petitioner identifies, or more sanctionable, given that burglary involves a higher degree of criminal intent than many of the offenses Petitioner cites. R&R at 11-12. And New York courts have upheld the Legislature's decision to impose a discrepancy

between repeat offenders of burglary and repeat offenders of other, less culpable crimes. *Id.*
at 12 (collecting cases); Resp. at 6. In particular, the Legislature's heightened concern about
home invasions, a danger uniquely associated with burglaries, provides a rational basis for the
classification. *See, e.g.*, *People v. Johnson*, 832 N.Y.S.2d 312, 315-16 (App. Div. 2007)
(explaining that "there is a rational basis" for the classification of second-degree burglary as a
violent felony, "namely, the potential for violence in all home invasions"); *People v.
Mastropietro*, 604 N.Y.S.2d 149, 151 (App. Div. 1993) (similar); *People v. McCray*, 16
N.E.3d 533, 536 (N.Y. 2014) ("[B]urglary of a dwelling is a more serious crime than other
burglaries" because "an intrusion into a home . . . is both more frightening and more likely to
end in violence."). This alone establishes a "reasonably conceivable state of facts" providing
a rational basis. Petitioner has not demonstrated that there are no plausible reasons for the
Legislature to have drawn the distinction at issue. Thus, the R&R properly concluded that the
Appellate Division's rational basis determination was reasonable.

Second, the Court disagrees with Petitioner's contention that the R&R's rational basis
analysis was flawed because it focused on the intent required for the offense of burglary and
because it did not consider the relative harm of arson. *See* Obj. at 11-15. As to the first,
Petitioner argues that the R&R improperly conflated "criminal intent" and "culpability" and
therefore erroneously found a rational basis for the discrepancy in New York's sentencing
scheme. *Id.* at 11. But a review of the R&R reveals that it discussed burglary's intentional
mental state to illustrate one rational explanation for why the New York Legislature might
have considered burglary more culpable than other, nonviolent offenses and accordingly
included burglary in the list of violent felonies eligible for the mandatory minimum sentence.
*See* R&R at 11. Petitioner suggests that both the mental state and the act itself should
determine culpability of an offense, and therefore, a less harmful crime like burglary is

undeserving of a greater sentence than a more harmful crime like negligent homicide.  Obj. at 11-13.  The fact that Petitioner would take different aspects of offenses into account in structuring sentencing schemes does not render New York's choices irrational.  Absent conflicting federal law, the New York Legislature is free to consider intent in its sentencing statutes as it sees fit.

Petitioner next emphasizes the differing degrees of "violence" between arson and burglary (both of which require intent) to highlight the sentencing distinction's apparent incongruity.  *See* Obj. at 13-14.  It does not necessarily matter that burglary might, in some instances, be less harmful than third-degree arson.  Rather, it matters that the Court can come up with a rational basis for the legal sentencing distinction between the two offenses.  "[A] distinction between . . . sentences need only survive rational basis review to pass constitutional muster."  *United States v. Lucas*, 745 F.3d 626, 630 (2d Cir. 2014).  And as stated above, the R&R correctly pointed out that it would be rational for the New York Legislature to impose harsher sentences for burglary to protect dwellings, whereas arson can be committed against a vehicle as well as a building.  Petitioner does not cite to any cases suggesting that the sentencing scheme violates the Equal Protection or Due Process clauses.  Thus, the R&R properly found that a rational basis upholds the sentencing distinction here.

Because Petitioner has not shown that the Appellate Division unreasonably applied federal law, the Court denies the petition for habeas relief.

## III.    Certificate of Appealability

Petitioner argues that "[a]t a minimum this Court should issue a certificate of appealability since the constitutional questions presented are 'debatable' amongst reasonable jurists and 'deserve encouragement to proceed further.'"  Obj. at 15 (citing 28 U.S.C. § 2253(c)) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) Gov'g § 2254 Cases in U.S. Dist. Cts.  A court must issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A habeas petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  "This threshold question should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).  "Obtaining a certificate of appealability 'does not require a showing that the appeal will succeed,' and '[courts] should not decline the application . . . merely because [they] believe[] the applicant will not demonstrate an entitlement to relief.'" *Welch v. United States*, 578 U.S. 120, 127 (2016) (quoting *Miller-El*, 537 U.S. at 337).

The Court denies a certificate of appealability because the Court finds that no reasonable jurist could find that the distinctions drawn by New York's sentencing scheme lacked *any* rational basis.  Petitioner may prefer a different sentencing scheme, but that does not mean he has made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).  As such, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R in its entirety.  The petition is

denied.  The Clerk of Court is respectfully directed to close the case.

Dated: July 7, 2025
      New York, New York

SO ORDERED.

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge